# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SCHMIDT, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>   Defendants | Case No.: 23-cv-0899 W (DDL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 10] WITH LEAVE TO AMEND** |

Pending before the Court is Defendants' motion to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** the motion to dismiss [Doc. 10] **WITH LEAVE TO AMEND**.

I. <u>OVERVIEW</u>

This lawsuit arises out of the death of Gilbert Gonzalo Gil while in the custody of Defendant County of San Diego. The First Amended Complaint ("FAC") charges the

1

1  County and other defendants with deliberate indifference to Mr. Gil's serious medical
2  needs and asserts three federal causes of action for violation of 42 U.S.C. § 1983 and four
3  state-based causes of action.

4      Defendants' motion to dismiss argues, among other things, that the federal causes
5  of action should be dismissed because Plaintiffs lack standing. The Court agrees and,
6  therefore, will grant the motion to dismiss with leave to amend.

## II. LEGAL STANDARD

9      The Court must dismiss a cause of action for failure to state a claim upon which
10 relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6)
11 tests the legal sufficiency of the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51
12 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either
13 for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.
14 *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the
15 motion, a court must "accept all material allegations of fact as true and construe the
16 complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487
17 F.3d 1246, 1249 (9th Cir. 2007).

18     A complaint must contain "a short and plain statement of the claim showing that
19 the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has
20 interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to
21 relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).
22 The allegations in the complaint must "contain sufficient factual matter, accepted as true,
23 to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
24 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

25     Well-pled allegations in the complaint are assumed true, but a court is not required
26 to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable
27 inferences. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State*
28 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

Defendants argue Plaintiffs lack standing to pursue the federal causes of action on behalf of Mr. Gil because they are not the representative or successor interest to his estate under California's survival statute, Code of Civil Procedure § 377.32. (*MTD P&A* [Doc. 10-1] 4:15–19.) Defendants further argue that because Plaintiffs are not Mr. Gils' biological relative and were not adopted by him, Plaintiffs cannot cure this defect. (*Id.* at 4:21–24.) Plaintiffs do not dispute that Mr. Gil was not their biological father and that he did not adopt them. Instead, Plaintiffs contend they have standing because Mr. Gil was their "natural parent" under California Probate Code § 6453. (*Opp'n* [Doc. 13] 8:23–9:9.) In support of this contention, Plaintiffs cite paragraph 14 of the FAC and Plaintiff Jennifer Schmidt's declaration attached to the FAC. (*Id.* at 9:20–23.) Defendants' reply argues, in essence, that neither the allegations in the FAC nor Plaintiff Schmidt's declaration contain sufficient factual information to establish Mr. Gil was Plaintiffs' "natural parent." (*Reply* [Doc. 14] 2:23–3:28.) The Court agrees with Defendants.

"The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) (citing *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir.1998)). Under California law, a survival action "passes to the decedent's successor in interest… and any action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." CAL. CODE. CIV. PROC. § 377.30. Section 377.32(a) provides, in relevant part, that "the person who seeks to commence an action or proceeding… as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration… stating," among other things:

> (5) Either of the following, as appropriate, **with facts in support thereof**:
> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

3

*Id.* (emphasis added).[1]

Here, Plaintiff Schmidt filed a declaration purporting to comply with the section 377.32. With regard to subsection (5)(A) above, the declaration states:

> 3. JENNIFER SCHMIDT is GILBERT GONZALO GIL'S Successor in Interest and succeeds his interest in this action pursuant to California Code of Civil Procedure sections 311.01, 377.11 and Probate Code section 6402.
>
> 4. GILBERT GONZALO GIL was survived by two daughters, Jennifer Schmidt and Lyndzy Biondo.

(*Schmidt Decl.* [Doc. 8] ¶¶ 3, 4.) The only fact asserted in Plaintiff Schmidt's declaration is that she and Plaintiff Lyndzy Biondo are Mr. Gil's children. In the motion, however, Defendants attach copies of Plaintiffs' birth certificates, which identify their biological father as Dane J. Schmidt, not Mr. Gil. (*MTD P&A* [Doc. 10-1] 6:8–12, *Ex. A* [Doc. 10-2]*, Ex. B* [Doc. 10-2].) Defendants also point out that there are no allegations, much less evidence, indicating that Mr. Gil ever adopted Plaintiffs or that he was married to Plaintiffs' mother at the time of his death. (*Id.* at 6:8–18.)

Plaintiffs nevertheless argue they have standing under California Probate Code § 6453, which defines a "natural parent." (*Opp'n* at 8:23–9:1.) Subsection (a) of that section provides that "a natural parent and child relationship is established where the relationship is presumed and not rebutted pursuant to the Uniform Parentage Act," commencing with Section 7600 of the Family Code. PROB. CODE § 6453(a). Under Family Code § 7601(a), a "'natural parent' means a nonadoptive parent established under this part, whether biologically related to the child or not." Section 7611(d), entitled "Presumption of Parentage," then provides that a person is presumed a natural parent of a

---

[1] Section 377.11 provides that the "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."

4

child "if the presumed parent receives the child into their home and openly holds out the child as their natural child." FAM. CODE § 7611(d).

California cases evaluating whether a person is the presumed natural parent of a child under section 7611(d) apply the following standard: "receipt of the child into the home must be sufficiently unambiguous as to constitute a clear declaration regarding the nature of the relationship, but it need not be for any specific duration." *Jason P. v. Daniell S.*, 9 Cal.App.5th 1000, 1022 (2017) (quoting Charisma R. v. Kristina S. 715 Cal.App.4th 361, 374 (2009)). In making this determination, courts look at the parent's conduct in relation to the child.

In *Jason P.*, the court held that the following conduct established the father was the "natural parent" of the child: the child regularly spent time in the father's apartment; the father made arrangements to accommodate the child during visits; the father took the child to the park, fed the child, played music for and read to the child; the father arranged for the child to see a doctor; the child had a designated room in the father's apartment; the father went on a tour of the child's first school; the father signed the child's school enrollment forms; and the father made a tuition payment. *Id.* at 1022–23.

In *Wehsener v. Jernigan*, 86 Cal.App.5th 1311 (2022), the court held the following facts supported the trial court's finding that Charles and Frances Bloodgood, the non-biological parents of Judy, were her "natural parents:" after Judy was abandoned at age two by her biological parents, Charles and Frances took her into their home; Judy lived in the home for the duration of her childhood; when Judy was 11, they all moved to another state; Judy was registered with the "Bloodgood" last name on school records; Charles and Frances were listed as Judy's parents on her marriage certificate; in Charles' obituary, Judy was listed as his daughter and her two children as his grandchildren; in Charles' will, Judy was referred to as his daughter and was to inherit all of his property; and Judy's death certificate listed Charles as her father. *Id.* at 1315–16.

In contrast to *Jason P.* and *Wehsener*, Plaintiff Schmidt's declaration is devoid of facts supporting the contention that Mr. Gil was her natural parent. Again, the only

1  factual allegation is that Plaintiffs were his daughters (*Schmidt Decl.* ¶ 4), which is at
2  odds with their birth certificates. Thus, for purposes of establishing standing in this case,
3  this allegation is insufficient.

Even if the Court were to consider the allegations in the FAC, they too are
insufficient to establish standing. Pertinent to this issue, the FAC alleges:

> Mr. Gil left behind two biological twin daughters, Jennifer and Lyndze.  Mr. Gil's biological status as Jennifer and Lyndze's father has been confirmed by their mother, Mildred Hope Cleaver.  Regardless of Mr. Gil's status as their biological father, since Jennifer and Lyndze were newborn babies, Mr. Gil was their father in every sense of the word and publicly held them out as his biological daughters since their birth.

(*FAC* ¶ 14.)  As stated above, the allegation that Mr. Gil was their biological father is disputed by Plaintiffs' birth certificates and, more importantly, is not relevant to the "natural parent" determination under section 7611(d).  As for the allegation that he was Plaintiffs' "father in every sense of the word and publicly held them out" as his daughters, it is a conclusory statement that is not supported by any facts.  Accordingly, Plaintiffs have failed to establish standing to pursue the federal causes of action.[2]

---

[2] Defendants also argue the federal causes of action should be dismissed because they are entitled to qualified immunity, and the state causes of action should be dismissed for failure to state a claim. Because the Court concludes that Plaintiffs lack standing, it cannot reach the other issues. *See Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) ("'Because the question of whether a particular party has standing to pursue a claim naturally precedes the question of whether that party has successfully stated a claim,' we address this question first.") (citing *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir.1998) (ruling that the failure to demonstrate Fourth Amendment standing precludes claim regardless of its potential merits) and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–96 (1998) (finding that standing challenges should be resolved prior to merits of case)).  Additionally, to the extent Plaintiffs lack standing to pursue the federal causes of action, the Court lacks subject matter jurisdiction over the state claims or, alternatively, would decline to exercise supplemental jurisdiction.

**IV.  CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss [Doc. 10] the federal causes of action **WITH LEAVE TO AMEND**. The Second Amended Complaint is due on or before **January 10, 2024**.

**IT IS SO ORDERED.**

Dated:  December 20, 2023

_____
Hon. Thomas J. Whelan
United States District Judge