UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SCHMIDT, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-0899-W-DDL<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [DOC. 31]** |

Pending before the Court is Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure 15(a). Defendants oppose.

The Court decides the matter on the papers submitted and without oral argument. Civ.L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion [Doc. 31].

**I.　BACKGROUND**

This lawsuit arises from the death of Plaintiffs' father, Gilbert Gonzalo Gil, while in the custody of Defendant County of San Diego at the Vista Detention Facility ("VDF"). The allegations regarding Mr. Gill's death are set forth in greater detail in this Court's September 26, 2024 Order Denying In Part And Granting In Part Without Leave

1

to Amend Defendants' Motion to Dismiss the Second Amended Complaint (the "Second MTD Order") [Doc. 21]). In summary, the SAC alleges facts that indicate Defendants knew or should have known when being booked into VDF, Mr. Gil was in severe medical distress, suffering from hypertension, but failed to implement a medical treatment plan or follow-up plan relating to his condition. (*See e.g. SAC* [Doc. 16] ¶¶ 46–48.) The SAC further alleges that despite his serious medical condition, Defendants failed to properly monitor Mr. Gil while in his holding cell and as his condition continued to deteriorate, failed to call for medical assistance and instead left Mr. Gil on the floor of his cell in obvious medical distress. (*Id.* ¶¶ 51–53.) Nine and a half hours after being placed in his cell in serious medical distress, Mr. Gil was "discovered dead and cold to the touch." (*Id.* ¶ 54.)

On May 16, 2023, Plaintiffs Jennifer Schmidt and Lyndzy Biondo filed this lawsuit against the County of San Diego, Nurse Suaking and various Doe Defendants. After Plaintiffs filed the First Amended Complaint ("FAC" [Doc. 8]), Defendants filed a motion to dismiss arguing, among other things, Plaintiffs lacked standing. (*See MTD FAC* [Doc. 10].) On December 20, 2023, this Court granted the motion with leave to amend finding Plaintiffs lacked standing because they failed to provide facts supporting the contention that Mr. Gil was Plaintiffs' "natural parent" under California Probate Code § 6453. (*Order Granting MTD the FAC* [Doc. 15] 5:27–6:15.)

On January 10, 2024, Plaintiffs filed the Second Amended Complaint ("SAC") alleging seven causes of action for: (1) violation of the 14th Amendment / objective indifference under 42 U.S.C. § 1983; (2) violation of the 14th Amendment / inadequate medical and monitoring practices under 42 U.S.C. § 1983; (3) violation of the 14th Amendment / failure to train, supervise and discipline under 42 U.S.C. § 1983; (4) deprivation of familial association; (5) Bane Act Violation; (6) negligence; and (7) wrongful death. In response, Defendants filed a motion to dismiss based on the following grounds: (1) Plaintiffs lack standing; (2) the individual defendants are entitled to qualified immunity (federal counts); (3) the claims against the Doe defendants fail to

2

satisfy the pleading requirements; (4) the first claim for relief as to Nurse Suaking fails to plead objective indifference; (5) the second claim for relief for inadequate policies fails to identify an official, formal policy; (6) the state claims all fail to state sufficient facts; and (7) punitive damage cannot be sought against the County. (*MTD SAC* [Doc. 18] 2:1–18.) On September 26, 2025, this Court issued the Second MTD Order, which dismissed the Bane Act and punitive damage claims against the County and denied the motion in all other respects. (*See Second MTD Order*.)

On February 13, 2025, Plaintiffs filed the pending motion for leave to file a Third Amended Complaint. Defendants oppose.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  Granting leave to amend rests in the sound discretion of the district court.  *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).  However, the Ninth Circuit has emphasized that leave to amend is to be granted with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (citation omitted).  Nevertheless, leave to amend is not to be granted automatically.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted).  Five factors are considered in evaluating a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  The party opposing leave to amend bears the burden of demonstrating why leave should be denied.  *DCD Program, Ltd.*, 833 F.2d at 187.

### III. ANALYSIS

Plaintiffs' proposed Third Amended Complaint (the "TAC") (1) substitutes the identities of various Doe Defendants and jail staff that were responsible for Mr. Gil's safety and welfare, and (2) adds facts obtained during discovery that support the claims for relief. (*P&A* [Doc. 31-1] 2:12–17.) Defendants' opposition does not argue that these amendments are made in bad faith, would cause undue delay or prejudice, or would be futile. Instead, Defendants oppose because the proposed TAC continues to name Doe Defendants, which Defendants argue is "in contravention of this Court's guidance" in the Second MTD Order and is futile. (3:2–5:13.) Defendants' argument lacks merit for several reasons.

First, Defendants' opposition is unavailing because it is not based on any of the proposed amendments in the TAC, and instead is premised on the Doe allegations that are already part of the litigation. For example, with regard to the TAC, Defendants argue that the allegations against the Doe defendants in the first, fourth, sixth and seventh causes of action, as well as the allegations against the Doe supervisor defendants, are insufficiently pled. (*Opp'n* [Doc. 32] 3:21–4:1.) But these allegations are already part of the litigation since they are also in the SAC. Therefore, even if Defendants' argument was well taken—which it is not—it would not be a legitimate reason to deny Plaintiffs leave to amend to add parties and allegations that Defendants do not contend are being added in bad faith, would cause prejudice or are futile.

Second, Defendants' argument is also contrary to the Second MTD Order. Similar to Defendants' argument that the TAC fails to set forth specific allegations about the Doe defendants, Defendants' motion to dismiss the SAC asserted that all claims against "Does 1-10" should be dismissed because they "only vaguely refer[ed] to the Doe defendants through improper group pleading" and "fail[ed] to satisfy the pleading requirements." (*P&A* [Doc. 18-1] 12:5–11.) This Court rejected Defendants' argument and found that the allegations against the Doe defendants were sufficient. For this additional reason, Defendants attempt to relitigate the issue lacks merit.

Finally, Defendants also contend that the section 1983 claims against the individuals being substituted in for the Doe defendants are time barred. (*Opp'n* 4:21–28.) This argument appears to be based on the theory that the description of the Doe defendants is insufficient. (*Id.* 5:1–3.) Again, this argument is contrary to this Court's findings in the Second MTD Order that the allegations against the Doe defendants were sufficient. Moreover, the Court agrees with Plaintiffs that the allegations in the TAC are limited to individuals that personally knew Mr. Gil was in need of immediate medical care, were responsible for monitoring and treating his medical condition and failed to summon care. (*See Reply* [Doc. 38] 5:1–13.) As such, the Court finds the allegations against the Doe Defendants in the TAC arise out of the same common core of operative facts set forth in the original Complaint, and thus the 1983 claims are not time barred. *See Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

### IV.   CONCLUSION & ORDER

For the above reasons, the Court **GRANTS** Plaintiffs' motion for leave to file the TAC [Doc. 31]. Plaintiffs shall file the TAC on or before **April 18, 2025**.

**IT IS SO ORDERED.**

Dated:  April 14, 2025

Hon. Thomas J. Whelan
United States District Judge