Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:   (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
Grace Jun Law, PC
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
TEL: (619) 841-1408

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SCHMIDT, Individually, and as Successor in Interest to GILBERT GONZALO GIL, and LYNDZY BIONDO, Individually. | Case No. 23cv0899-W-DDL |
| Plaintiff, | **DECLARATION OF GRACE JUN IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION TO DISMISS CLAIMS OF INDIVIDUAL PLAINTIFFS JENNIFER SCHMIDT AND LYNDZY BIONDO** |
| v. | |
| COUNTY OF SAN DIEGO, SILVIA SAUKING, an individual, MYRA RADA, an individual, ANA MUNOZ, an individual, MASON CASSIDY, an individual, MIGUEL BACA, an individual, KEVIN KAMOSS, an individual, LUIS GOMEZ, an individual, MARTIN MADRIGAL, an individual, PEDRO MALDONADO, an individual, MIGUEL ANGULO, an individual, ROBERT TALAMANTEZ, an individual, JORGE CALDERON, an individual, JON CARLO NUQUI, an individual, LINNEA QUINONES, an individual, DANIELLE POZUN, an individual, MICHAEL CASCIOPPO, an individual CAMERON GARCIA, an individual, AND DOES 1-10, inclusive, | **Fed. R. Civ. P. 41(a)(2)** |
| Defendants. | |

I, GRACE JUN, being duly sworn, hereby declare:

1. I am attorney licensed to practice in the State of California and admitted to practice in the Southern District of California. I represent the Plaintiffs in the above-referenced matter. I make this declaration based on my personal knowledge. If called to testify regarding these matters, I would and could competently testify thereto.

2. On February 10, 2026, I contacted Ron Lenert and Andrei Dumitrescu, counsel for Defendants, to inform them that I had obtained authorization from Plaintiffs Jennifer Schmidt and Lyndzy Biondo to dismiss their individual claims for deprivation of familial association (the 1983 claim) and wrongful death (state law claim). I then circulated a draft joint motion to dismiss these Plaintiffs' individual causes of action pursuant to Federal Rule Civil Procedure 41(a). I further informed defense counsel that I believed the discovery propounded to these individual plaintiffs was now rendered moot as they were no longer parties to this action.

3. On February 12, 2026, Mr. Dumitrescu responded by stating as follows:

> Hi Grace,
>
> Is it your position that the discovery is not relevant, or that responses aren't owed because the responding parties will be dismissed in the future? I understood it to be the latter, so maybe that's the disconnect. I'm happy to review any case law to support either position.
>
> Normally I would have no issue with your proposed joint motion and would welcome the proactive dismissal. My hesitation is that it seems like this dismissal is being used as a reason to circumvent discovery responses which are due today. That's why I'd like to clarify your position on why discovery is moot before we agree to the joint motion.

4.     That same date, I responded to Mr. Dumitrescu's email by stating that I believed the discovery propounded by the County of San Diego to the individual Plaintiffs was no longer relevant. I further stated that I believed Plaintiffs' voluntary dismissal of their individual claims under Fed. R. Civ. P. 41(a) did not prevent Defendants from obtaining relevant discovery.

5.     After this email exchange on February 12, 2026, I heard no further response from counsel for Defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of February, 2026, in Riverside County, California.

s/ Grace Jun
GRACE JUN

CASE NO. 23CV0899-W-DDL